IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS

DONNELL D. LEE,

      Petitioner,

v.                                                CIVIL ACTION NO. 2:15-CV-7
                                                                     (BAILEY)

DAVID BALLARD, Warden,
Mount Olive Correctional Complex,

      Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

## I. INTRODUCTION

On this day, the above-styled matter came before this Court for consideration of the Report and Recommendation ("R&R") of United States Magistrate Judge John S. Kaull [Doc. 15], filed September 29, 2015. In his R&R, the magistrate judge recommends that this Court deny petitioner Donnell D. Lee's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("§ 2254") [Doc. 1], filed January 16, 2015. The magistrate judge also recommends that this Court grant respondent David Ballard's Motion for Summary Judgment [Doc. 6], filed March 17, 2015.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, this Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. ***Thomas v. Arn***, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo*

review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Kaull's R&R were due within fourteen (14) days of the date the R&R was filed. Petitioner timely filed his Objection [Doc. 17] on October 12, 2015. Accordingly, this Court will undertake a *de novo* review of those portions of the magistrate judge's findings to which objection is made. This Court will review the remainder of the R&R for clear error.

## II. BACKGROUND

### A. State Court Proceedings

In 2007, petitioner was indicted by a grand jury sitting in the Circuit Court of Marion County, West Virginia, for one count of Murder in the First Degree by causing the death of Derrick Osborne with the use of a firearm, in violation of W. Va. Code §§ 61-2-1 and 61-2-2, and for one count of Conspiracy to Commit Murder, in violation of W. Va. Code § 61-10-31. [Doc. 6-2 at 9]. Following a jury trial, petitioner was convicted of both counts. [*Id.* at 8]. Petitioner was then sentenced to life in prison with the possibility of parole after fifteen (15) years for first-degree murder, and an a term of not less than one nor more than five years in prison for conspiracy, both sentences to be served concurrently. [*Id.*].

Petitioner filed an appeal with the West Virginia Supreme Court of Appeals ("WVSCA") on January 19, 2010, raising the following grounds:

(1) The jury verdicts were unsupported by substantial evidence to prove beyond a reasonable doubt that petitioner committed murder in the first degree and conspiracy to commit murder;

(2) The prosecutor committed prosecutorial misconduct when he withheld exculpatory evidence from the defense and made improper comments

> regarding the evidence in both his opening statement and closing arguments;

(3) The prosecutor knew or had reason to know that Amy Weekley, Albert Sigley, and Carrie Short provided false testimony to the grand jury to obtain an indictment against petitioner for murder in the first degree;

(4) The trial court erred in denying petitioner's motion for directed verdict at the conclusion of the State's case-in-chief, on charges of murder in the first degree and conspiracy to commit murder; and

(5) The trial court erred in denying petitioner's motion for post-verdict judgment of acquittal and motion for a new trial.

[Doc. 6-2 at 16]. The WVSCA refused petitioner's appeal on July 12, 2010. [*Id.* at 105].

Petitioner filed a Petition for Writ of Habeas Corpus pursuant to W. Va. Code § 53-4A-1 with the Circuit Court of Marion County on May 26, 2011, asserting the following grounds in support thereof:

(1) Petitioner's due process rights were violated because the jury convicted him when insufficient evidence existed to prove his guilt beyond a reasonable doubt for murder in the first degree and conspiracy to commit murder;

(2) Petitioner's due process rights were violated when Marion County Prosecuting Attorney Patrick N. Wilson, withheld exculpatory evidence from the defense;

(3) Petitioner's due process rights were violated when Wilson made improper comments regarding the evidence in the case during his opening statement and closing argument;

(4) Petitioner's due process rights were violated when Amy Weekley, Albert Sigley, and Carrie Short provided false testimony to the grand jury to obtain an indictment against petitioner for murder in the first degree and conspiracy to commit murder;

(5) Petitioner's due process rights were violated when the trial court denied his motion for directed verdict at the conclusion of the State's case-in-chief, on charges of murder in the first degree and conspiracy to commit murder, and in submitting instructions on said charges to the jury;

(6) Petitioner's due process rights were violated when the trial court denied his motion for post-verdict judgment of acquittal and motion for a new trial;

3

(7) Petitioner argues that the cumulative effect of all errors and adverse trial rulings rendered his absolute right to due process of law and fundamental fairness impotent; and

(8) Petitioner's due process rights were violated based on unfair pretrial publicity.

[Doc. 6-2 at 120]. On September 9, 2011, the circuit court denied petitioner's habeas petition, finding that six of the eight issues raised had been previously and finally adjudicated by the WVSCA's July 12, 2010, refusal order. The circuit court also found no merit to petitioner's claim of cumulative error nor that petitioner had been prejudiced by media coverage of his trial. [Doc. 6-1 at 31-54].

Thereafter, petitioner filed a Petition for Appeal to the WVSCA on March 8, 2012. [*Id.* at 3-24]. Petitioner alleged:

(1) The circuit court erroneously dismissed petitioner's habeas corpus claims on grounds that issues contained in the petition have been fully and fairly litigated by the West Virginia Supreme Court of Appeals; and

(2) The circuit court failed to make specific findings of fact and conclusions of law regarding issues raised in petitioner's writ of habeas corpus petition and violated petitioner's constitutional rights guaranteed by the Due Process Clause of the Fourteenth Amendment of the United States Constitution and under Article III § 10 and § 14 of the West Virginia Constitution.

[*Id.* at 10, 13]. On January 9, 2013, the WVSCA issued an opinion affirming in part and reversing in part, wherein it stated that, while it properly denied habeas relief on the petitioner's unfair publicity claim, the circuit court erred in determining that grounds raised in a petition for appeal, which was refused under the WVSCA's prior practice, need not be addressed in an omnibus habeas corpus proceeding. Accordingly, the WVSCA remanded the case for further proceedings. [*Id.* at 27-28].

An omnibus hearing was held on September 19, 2013. [*Id.* at 31]. During the

hearing, the circuit court heard the arguments of counsel and "received a binder of documents from the petitioner which was not offered, nor admitted, into evidence. No other evidence or witnesses were presented to the [circuit court] for its consideration of [petitioner's] habeas petition at the omnibus hearing." [Doc. 6-1 at 38]. On November 22, 2013, the circuit court issued a Final Order Denying Petition for Writ of Habeas Corpus, finding that:

(1) Sufficient evidence existed to support petitioner's convictions, and a claim of insufficient evidence is an allegation of ordinary trial error, which is not a cognizable ground for habeas relief;

(2) The "exculpatory evidence" that petitioner alleged was withheld–specifically, a co-defendant's inconsistent statements–failed the *Brady*[1] test because the evidence was immaterial to the outcome of petitioner's underlying trial;

(3) Petitioner's claim that the prosecutor made improper comments and thus engaged in prosecutorial misconduct was a claim of ordinary trial error that, even if committed, did not implicate petitioner's constitutional rights such that they were reviewable on habeas corpus grounds;

(4) The State was unaware of any false testimony, and none of the witnesses petitioner complained of testified during his trial. Additionally, the binder offered by petitioner was neither authenticated pursuant to Rule 901 of the West Virginia Rules of Evidence, nor moved to be entered into evidence. No custodial testimony was presented to establish that the binder was ever in the custody of the witnesses, and thus petitioner failed to present a complete chain of evidence of custodial possession and to produce even a single custodial witness. Accordingly, the circuit court could not consider the documents. Petitioner also submitted no evidence that the State fraudulently intended to introduce the allegedly dishonest testimony and, because the alleged evidence of witness dishonesty was not discovered for nearly two years after petitioner's trial, petitioner needed to prove that the State engaged in willful, intentional fraud;

(5) Petitioner based his claim of improper denial of his motion for directed verdict on evidentiary rulings constituting ordinary trial error;

---

[1] *Brady v. Maryland*, 373 U.S. 83 (1963).

(6) Petitioner based his claim of the trial court's failure to grant his post-verdict motion for acquittal and motion for new trial on evidentiary rulings constituting ordinary trial error;

(7) Upon review for cumulative error, no legal or factual basis existed supportive of any of the alleged errors cited by petitioner; and

(8) The court had previously and properly adjudicated petitioner's remaining ground of unfair pretrial publicity, and that claim had been reviewed by the WVSCA.

Accordingly, the circuit court found that petitioner was entitled to no relief and denied his habeas claims with prejudice. [Doc. 6-1 at 31-54].

Petitioner appealed the circuit court's denial on December 20, 2013, seeking a new trial on the grounds that he was denied due process of law at trial. [*Id.* at 57-66]. On March 24, 2013, petitioner furnished a brief, which raised the following Assignment of Error:

(1) The circuit court erroneously dismissed petitioner's petition for writ of habeas corpus and violated petitioner's constitutional rights guaranteed by the Due Process Clause of the Fourteenth Amendment of the United States Constitution and under Article III § 10 and § 14 of the West Virginia Constitution.

[*Id.* at 83]. Petitioner alleged that the circuit court erred when it stated that "neither party elected to present any evidence or witnesses in support of their positions at the omnibus hearing," noting the binder. [*Id.* at 88]. On September 19, 2014, the WVSCA issued a Memorandum Decision adopting the circuit court's "well-reasoned findings and conclusions" and affirming its denial of petitioner's petition for habeas corpus, finding the record reflected no error or abuse of discretion by the circuit court. [*Id.* at 145-147].

## B. Federal Court Proceedings

Petitioner filed a Petition Under 28 U.S.C § 2254 for Writ of Habeas Corpus by a

Person in State Custody on January 16, 2015. [Doc. 1]. Therein, petitioner requests that this Court "[r]everse the judgments of the Supreme Court of Appeals of West Virginia and the Circuit Court of Marion County and grant [petitioner] a new trial, and remand to the Circuit Court of Marion County for further proceedings." [*Id.* at 15]. Petitioner lists the following grounds for relief:

(1) Insufficient evidence;

(2) Failure of prosecutor to disclose exculpatory evidence;

(3) Indictment procured through false testimony;

(4) Improper denial of motion for directed verdict;

(5) Improper denial of directed verdict;

(6) Improper denial of post-verdict motion for acquittal and new trial; and

(7) Cumulative error.

[*Id.* at 5-11, 16]. Regarding timeliness of the petition, petitioner asserts that "there were intervening events that 'tolled' the applicable statute of limitations." [*Id.* at 13].

Following an order to show cause, on March 17, 2015, respondent filed a brief answer requesting that this Court dismiss petitioner's § 2254 because petitioner's claims are "grossly without merit" and he has been "unable to assert even a scintilla of proof indicating that his claims warrant habeas relief." [Doc. 5]. On the same day, respondent also filed a Motion for Summary Judgment [Doc. 6] and Memorandum of Law in Support of Respondent's Motion for Summary Judgment [Doc. 7], wherein he urges this Court to deny and dismiss the § 2254 because petitioner was properly denied habeas relief for the reasons described in the circuit court's November 22, 2013, order. In support of his motion, respondent asserts that sufficient evidence exists upon which to base petitioner's

7

conviction, the prosecutor did not fail to disclose exculpatory evidence, no reliable evidence exists to suggest that petitioner's indictment was procured through false testimony, the trial court properly denied petitioner's motion for directed verdict and post-verdict motion for acquittal and new trial, and cumulative error does not exist such that petitioner's conviction should be reversed. [*Id.*].

Petitioner filed his opposition to respondent's Motion for Summary Judgment [Doc. 12] and Memorandum of Law in Opposition to Respondent's Motion for Summary Judgment [Doc. 13] on April 13, 2015. In requesting that this Court deny respondent's Motion for Summary Judgment, petitioner asserts that "[c]learly, there are several genuine issues in dispute in this case." In support of his assertion, petitioner argues that the respondent's answer "failed to address or effectively refute the allegations [of] numerous specifications of misconduct" described in the § 2254, that "a due process violation requires automatic dismissal of the indictment, without an assessment of the prejudicial impact of the errors, because prejudice is presumed," that the alleged false testimony was willful and material, that the binder could have been admitted into evidence without authentication, and that "[p]etitioner's constitutional rights were violated when the prosecution withheld evidence." [*Id.*].

On September 29, 2015, Magistrate Judge Kaull filed the instant R&R [Doc. 15], recommending that this Court deny and dismiss with prejudice petitioner's § 2254. In support, the magistrate judge determined that sufficient evidence exists upon which to base petitioner's conviction. Specifically, the magistrate judge noted that the State introduced into evidence at trial an audio recording between petitioner and police officers whereby petitioner admitted to arranging the murder, described how to go about finding

8

and shooting the victim, and admitted that he was the "only one who 100% knew where [the victim] lived." [*Id.* at 12]. The magistrate judge also found that the prosecutor did not fail to disclose exculpatory evidence because, as required by ***State v. Youngblood***, 221 W. Va. 20, 29 (2007), petitioner did not produce any witnesses or evidence during the September 19, 2013, omnibus hearing to support his allegation that the State willfully suppressed the evidence petitioner contends was exculpatory, nor did petitioner even mention to the circuit court any specific statement that was allegedly untruthful or that may have had a material effect in the jury's decision. Accordingly, petitioner failed to demonstrate prejudice and thus failed ***Brady***. [*Id.* at 13].

The R&R also indicates that no reliable evidence exists to suggest that the indictment was procured through false testimony. Because petitioner failed to authenticate and offer into evidence the binder allegedly "containing three (3) grand jury witnesses who had initialed their allegedly false testimony," his contention that the grand jury witnesses were untruthful was unsupported and his "unauthenticated fugitive documents" could not be considered. Thus, because petitioner failed to provide evidence to show that there was a violation that led to a defective indictment, failed to prove that any violation influenced the grand jury's decision to indict, and failed to show any evidence to suggest the decision to indict was burdened by substantial influence of any violations, no evidence suggests that the indictment was procured by false testimony. [*Id.* at 14-15]. Moreover, the magistrate judge cited Federal Rule of Civil Procedure 50(a), the circuit court's findings, and petitioner's lack of additional evidence in support of his assertion to support his finding that the trial court did not improperly deny petitioner's motion for directed verdict or post-verdict

9

motion for acquittal and new trial. [*Id*. at 15-16]. Finally, Magistrate Judge Kaull found that, because petitioner provided no evidence proving that he suffered either a constitutional error or error in federal law, in spite of multiple opportunities to do so, cumulative error cannot and does not exist upon which to reverse petitioner's conviction. [*Id*. at 16]. In so finding, the magistrate judge cited the Fourth Circuit in noting that, when it is determined that none of counsel's actions could be considered constitutional error, it would be "odd" to then conclude, as petitioner asserts, "that those same actions, when considered collectively, deprived [petitioner] of a fair trial." **Higgs v. United States**, 711 F.Supp.2d 479 (4th Cir. 2010) (citing **Fisher v. Angelone**, 163 F.3d 835, 852 (4th Cir. 1998)). [*Id*.].

On October 12, 2015, petitioner filed his Objection to the instant R&R, which argues that Magistrate Judge Kaull "completely overlooked the issue of whether [the circuit court judge] violated Petitioner's Fourteenth Amendment right that guarantees his right to due process of law." [Doc. 17]. Respondent filed a Response in Opposition to Petitioner's Objection to Report and Recommendation on October 13, 2015, wherein he argues that petitioner's assertions are unproven and not supported by any evidence. [Doc. 18].

## III. **DISCUSSION**

In his objection, petitioner specifically objects to Magistrate Judge Kaull's finding that "[p]etitioner did not provide evidence to support his allegation. While [p]etitioner did provide the circuit court with a binder allegedly containing three (3) grand jury witnesses who ha[d] initialed their allegedly false testimony, his counsel made no motion to have the documents in the binder admitted into evidence." [Doc. 17 at 2]. Petitioner's objection focuses almost exclusively on the binder (also referred to as the "notebook"), arguing that,

because the circuit court judge ordered an investigation regarding alleged perjured testimony in the grand jury proceedings, he had "actual knowledge that a person was indicted by the grand jurors using false and perjured testimony" and thus had "a duty to be fair, neutral and impartial, at best." [*Id.*]. Petitioner also asserts that he has "cited a series of facts evidencing misconduct on the part of [the prosecuting attorney and circuit court judge], which was in violation of [petitioner's] right to due process," and reasserts his contentions that the grand jury was "misled and motivated by impermissible factors" and that the prosecutor engaged in prosecutorial misconduct, arguing that the petitioner's convictions are sufficient evidence of prejudice. [Doc. 17 at 3]. In sum, petitioner contends that the magistrate judge did not look into whether petitioner's Fourteenth Amendments rights were properly afforded him.

### A. Standard of Review

The magistrate judge's R&R correctly explains the standard of review applicable to this case. Importantly, under 28 U.S.C. § 2254(d)(1), this Court may not grant federal habeas relief, unless it concludes that the state court's adjudication of the claim "was contrary to,[2] or involved an unreasonable application of,[3] clearly established Federal law, as determined by the Supreme Court of the United States." *Williams v. Taylor*, 529 U.S. 362 (2000). As noted by the Supreme Court of the United States, § 2254(d) is not a

---

[2] I.e. if the state court arrives at a conclusion opposite to that reached by the Court on a question of law or if the state court decides a case differently than the Court has on a set of materially indistinguishable facts.

[3] I.e. if the state court decision identifies the correct governing legal principle from the Court's decisions but unreasonably applies that principle to the facts of the prisoner's case, which is different from an erroneous application of federal law.

"substitute for ordinary error correction through appeal" but rather "preserves authority to issue the writ in cases where there is no possibility fair minded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents" and protects against "extreme malfunctions" in the state criminal justice systems. *Harrington v. Richter*, 562 U.S. 86, 102-103 (2011). A state prisoner must show that the state court's ruling was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility of fair minded disagreement." *Id*. The standard is highly deferential and intended to be "difficult to meet." *Id*.

Additionally, determinations of factual issues by the state court are presumed to be correct, and the petitioner bears the burden of rebutting this presumption by *clear and convincing evidence*. 28 U.S.C. § 2254(e)(1) (emphasis added). The Fourth Circuit has found that "[w]here the state court *conducted an evidentiary hearing and explained its reasoning with some care*, it should be particularly difficult to establish clear and convincing evidence of error on the state court's part." *Sharpe v. Bell*, 593 F.3d 372, 378 (4th Cir. 2010) (emphasis added). Federal court should not be used as a "do-over" to resolve factual disputes that the state court has already addressed. *Id*.

### B. Analysis

In general, much like his other assertions, petitioner's objection suffers from a lack of support. The objection centers around the magistrate judge's assertion that petitioner did not provide evidentiary support for his allegation, yet it does nothing to actually refute it. Indeed, petitioner's objection is comprised of several bare, unsubstantiated theses.

Petitioner's argument that, because the circuit court judge ordered an investigation

12

into alleged perjury during grand jury proceedings, the circuit court judge had "actual knowledge that a person was indicted by the grand jurors using false and perjured testimony" [Doc. 17 at 2] is wholly unpersuasive. The circuit court judge's investigation was intended to be just that–an investigation into whether or not the alleged conduct occurred, as indicated by actual evidence. An investigation into alleged conduct is not proof of that conduct; it is merely the product of speculation that the alleged conduct may or may not have occurred. Until it has been demonstrated that the judge possessed a concrete conclusion emanating from the results of the investigation, it cannot be presumed that he had "actual knowledge" of anything, let alone that perjury occurred and ultimately led to petitioner's indictment. The fact that an investigation was ordered does not serve as evidence to support petitioner's contention that perjured testimony resulted in his indictment.

Moreover, any evidence, whether obtained from the investigation or otherwise, must be offered and admitted into evidence in order to be considered and accorded any weight. The process of moving something into evidence involves authentication, which provides an important check on reliability in order to prevent untrustworthy evidence from being improperly considered. To permit unauthenticated, unreliable evidence to be considered would undermine the functionality of the judicial process. The only tangible piece of evidentiary support petitioner mentioned was the "binder," which was not subjected to this process of ascertaining its reliability because it was never authenticated nor even offered to be admitted into evidence. [Doc. 6-1 at 49]. Accordingly, this Court cannot consider those which the magistrate judge correctly referred to as "unauthenticated fugitive documents," and petitioner's contentions remain unsupported.

Petitioner also claims that he "cited a series of facts evidencing misconduct" by the prosecuting attorney that violated his right to due process, but he has done nothing to substantiate his claims. [Doc. 17 at 3]. He merely indicates that his statement that a "conviction cannot be brought about by methods that offend a sense of justice" supports his argument that his due process rights were violated. [*Id.*]. Further, he incorrectly claims that, because he was convicted of murder and conspiracy, he has shown that the alleged prosecutorial misconduct resulted in prejudice. [*Id.*]. Proving prejudice requires that petitioner show how a specific instance of actual misconduct resulted in the evidence in question disfavoring petitioner's position. Petitioner needed to do more than simply assert that, because the result of the proceedings was adverse to his interests, he must have been prejudiced. He neither offers reliable evidence to support his allegations of prosecutorial misconduct nor demonstrates that the alleged prosecutorial misconduct actually influenced the grand jury and ultimately resulted in his conviction, in light of the entirety of the rest of the proceedings, including his confessional statement to the police. In short, petitioner has not demonstrated how the state court erred in its adjudication of petitioner's claims.

Here, petitioner had the burden to demonstrate by "clear and convincing evidence" that the state court's factual determinations were erroneous. It is apparent to this Court that petitioner has offered no reliable evidence in support of his position. Furthermore, petitioner's assertions are the same as those that the state court has already thoroughly and properly adjudicated. By merely reasserting the arguments he has made on a variety of prior occasions, without offering any evidence in support thereof, petitioner has failed to meet the high burden put on petitioners seeking to have a state court decision

overturned, as established by the Supreme Court of the United States. Especially in light of the fact that the state court held an omnibus hearing, whereby petitioner had the opportunity to present evidence on his behalf, and carefully explained its reasoning for rejecting petitioner's claims, this Court is unconvinced of any errors on the state court's behalf that would require its decision to be overturned. It appears that petitioner is attempting to utilize this Court for precisely the type of "do-over" that the Fourth Circuit has prohibited. Accordingly, because petitioner failed to meet his evidentiary burdens, his objection is **OVERRULED**.

## IV. CONCLUSION

Upon careful review of the R&R, it is the opinion of this Court that the magistrate judge's Report and Recommendation **[Doc. 15]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the report. Further, petitioner's Objection **[Doc. 17]** is **OVERRULED**. Accordingly, respondent's Motion for Summary Judgment **[Doc. 6]** is hereby **GRANTED** and petitioner's Petition Under 28 U.S.C § 2254 is hereby **DENIED and DISMISSED WITH PREJUDICE**. Finally, this case is hereby **ORDERED STRICKEN** from the active docket of this Court.

Upon an independent review of the record, this Court hereby **DENIES** petitioner a certificate of appealability, finding that he has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

**DATED**: December 2, 2015.

_/s/ John Preston Bailey_
JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE